**DAVID W. TUFTS, dtufts@djplaw.com (State Bar No. 8736)**
Attorney for Provo Steel & Supply Co.
DURHAM JONES & PINEGAR, P.C.
111 E. Broadway, Suite 900
Salt Lake City, Utah  84110-4050
Telephone:     (801) 415-3000

**JOSHUA S. BROITMAN, jbroitman@ocfblaw.com (*pro hac vice pending*)**
Attorney for Provo Steel & Supply Co.
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
570 Lexington Avenue
New York, New York 10022-6894
Telephone:     (212) 681-0600

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PROVO STEEL & SUPPLY CO.,<br><br>        Plaintiff,<br><br>    v.<br><br>HERITAGE SAFE COMPANY,<br><br>        Defendant. | Civil Action No. 2:10-cv-00589-BSJ<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMANDED** |

Plaintiff Provo Steel & Supply Co. ("ProSteel"), by and through its undersigned attorneys, complaining of defendant Heritage Safe Company ("Defendant"), avers upon information and belief, except as to paragraphs 1, 2, 4 and 9-13, as follows:

### Nature of Action

1.    In this action, ProSteel seeks redress for patent infringement by Defendant based on its manufacture, use, offering for sale and/or sale of gun safes having storage systems falling

within one or more claims of ProSteel's U.S. Patent No. 7,409,790 entitled "Gun Safe Door Storage System" ("the '790 Patent").  A true and accurate copy of the '790 Patent is attached as **Exhibit A**.

2. ProSteel is the exclusive manufacturer of "Browning ProSteel" gun safes that are marketed, sold and distributed by Browning Corporation, Morgan, Utah ("Browning") throughout the United States.  Browning sells and distributes "Browning ProSteel" gun safes through sporting goods stores, specialty gun and safe stores, warehouses and outlets, and through the Internet.

3. Defendant sells competing gun safes that infringe ProSteel's '790 Patent throughout the United States through the same channels of trade, including specialty gun and safe stores, warehouses and outlets.  Accordingly, ProSteel seeks, *inter alia*, injunctive relief and damages for acts of patent infringement in violation of United States patent law, 35 U.S.C. § 101 *et seq*.

## The Parties

4. ProSteel is a corporation organized and existing under the laws of the State of Utah, having its principal place of business at 1400 South State Street, Provo, Utah 84603-0977.

5. Defendant Heritage Safe Company is a corporation organized and existing under the laws of the State of Idaho, having its principal place of business at 20 N. Industrial Park Road, P.O. Box 349, Grace, Idaho 83241.  Defendant, through and with its agents, representatives, subsidiaries, affiliates and distributors, is a manufacturer and distributor of

fabricated metal products, specializing in gun safes and vaults.  Defendant has done, and is now, doing business in this Judicial District and elsewhere through and with their agents, representatives, subsidiaries, affiliates, and distributors.

## Jurisdiction and Venue

6. This is an action for patent infringement arising under the laws of the United States, Title 35, United States Code.  Accordingly, this Court has jurisdiction over the subject matter of ProSteel's claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (patent actions).  Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendant because Defendant has committed acts of patent infringement in this District, induced acts of patent infringement in this District, and/or has sufficient minimum contacts with this District.

8. Venue as to ProSteel's claims for patent infringement is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## Factual Background

9. Since in or about 1978, ProSteel has been in the business of designing, manufacturing and selling metal safes and vaults, and related equipment and accessories, including locks, keys, security bars.  More particularly, ProSteel's safes and vaults are designed for storing firearms of all types, accessories for firearms, and many other types of valuables.

10. In or about November 2003, ProSteel introduced a "Duo Plus" interior into its

gun safes. The "Duo Plus" interior includes a rifle rack mounted on an interior surface of the safe door and became a standard upgrade on many of ProSteel's gun safes in 2005. ProSteel improved the "Duo Plus" interior to include a storage system on the interior surface of the safe door to permit storage of more valuables and easier access to the safe contents. ProSteel's "Duo-Plus Extra" or "DPX" Storage System includes long gun storage on the interior surface of the safe door, as well as a versatile system of pouches, pockets and loops to store handguns and other small valuables, and is protected by the '790 Patent. The "DPX" Storage System is available on all Browning ProSteel gun safes.

11. The '790 Patent was duly and legally issued by the United States Patent and Trademark Office on August 12, 2008 after full and fair examination. ProSteel is the sole assignee of all rights, title and interest in, to and under the '790 Patent and possesses all rights of recovery, including the right to recover all past damages, under the '790 Patent.

12. The '790 Patent has not expired and is in full force and effect.

13. ProSteel has not licensed the '790 Patent and does not intend to license the '790 Patent.

14. Defendant has been or is engaged in the making, using, importing, selling and/or offering for sale gun safes within this Judicial District and elsewhere that infringe the '790 Patent. The infringing gun safes include, but are not limited to, Defendant's Model No. "RAV 3660" marketed under the name "Ruger Assault Vault." A true and accurate printout from Defendant's website (www.rugersafe.com/ruger-hertage-safe-assault-vault.html) showing its "Ruger Assault Vault" is attached as **Exhibit B**.

15. The infringing gun safes are being sold in direct competition with ProSteel's patented gun safes, eroding the price of ProSteel's products and causing ProSteel to lose sales, market share and substantial goodwill that ProSteel has developed in the marketplace.

16. Defendant was aware of the existence of the '790 Patent prior to the filing of this lawsuit.

### ProSteel's Claim for Patent Infringement

17. ProSteel incorporates by reference paragraphs 1-16 above as through fully set out herein.

18. In violation of any of 35 U.S.C. §§ 271(a), (b) or (c), Defendant has and is actively engaged in acts of direct infringement, either literally or by the doctrine of equivalents, inducement and/or contributory infringement of the '790 Patent, including the making, using, offering to sell, and/or selling within the United States or supplying or causing to be supplied in or from the United States, or intentionally inducing others to make, use, offer to sell, or sell in the United States or supply or cause to be supplied in or from the United States, without authority from ProSteel, gun safes having storage systems that are covered by one or more claims of the '790 Patent, including the "Ruger Assault Vault," Model No. "RAV 3660." Defendant's infringing acts have occurred throughout the United States, including within this Judicial District.

19. Defendant intends to continue its unlawful infringing activity, and such infringing activity will continue unless enjoined by this Court.

20. As a direct and proximate consequence of the acts and practices of Defendant in

infringing and/or inducing the infringement of one or more claims of the '790 Patent, ProSteel has been and continues to be damaged and irreparably harmed, and is entitled to damages adequate to compensate for the infringement by Defendant, including damages for lost profits and price erosion, and in no event less than a reasonable royalty for the use made of the invention by Defendant together with interest and costs as provided under the terms and provisions of 35 U.S.C. § 284.

21.    Defendant's continued infringement of the '790 Patent will continue to cause irreparable injury and damage to ProSteel for which there is no adequate remedy at law.

22.    ProSteel is entitled to injunctive relief as provided under the terms and provisions of 35 U.S.C. § 283.

23.    Defendant has been aware of the existence of the '790 Patent, but nevertheless has infringed and continues to infringe the '790 Patent.  ProSteel has provided Defendant notice of its infringement through, *inter alia*, communications between the parties and service of this complaint.  Defendant's infringements of the '790 Patent have been willful and deliberate and in total disregard for ProSteel's lawful rights under the '790 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

## Demand For Jury Trial

24.    ProSteel respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure of any and all issues triable of right by a jury in this action.

## Prayer for Relief

WHEREFORE, ProSteel respectfully requests that this Court enter a Judgment:

  A. Adjudging that ProSteel is the lawful owner of the '790 Patent, including all rights to recover for past infringement therefor; that the '790 Patent is not invalid and is enforceable; that Defendant has infringed and/or induced infringement of the '790 Patent; and that such infringement and/or inducement of infringement was willful and deliberate;

  B. Preliminarily and permanently enjoining and restraining Defendant and its officers, agents, subsidiaries, principals, successors-in-interest, and those acting in concert with it from directly or indirectly infringing the '790 Patent;

  C. Directing the immediate recall and removal from stores throughout the United States of all gun safes made, used, imported, sold or offered for sale by Defendant that infringe the '790 Patent;

  B. Awarding ProSteel its damages arising from such infringement, together with prejudgment interest and costs as provided by 35 U.S.C. § 284, but in no event less than a reasonable royalty;

  C. Trebling the damages awarded, as provided by 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the '790 Patent;

  D. Declaring this an exceptional case and awarding ProSteel its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

  F. Awarding ProSteel such other and further relief as ProSteel may be entitled to, and as the Court may deem just and proper.

Dated: June 29, 2010

        Respectfully submitted,

        Glenn F. Ostrager (*pro hac vice pending*)
        Joshua S. Broitman (*pro hac vice pending*)
        OSTRAGER CHONG FLAHERTY
          & BROITMAN P.C.
        570 Lexington Avenue
        New York, New York 10022-6894
        (212) 681-0600


        DURHAM JONES & PINEGAR, P.C.


     By: s/ David W. Tufts
          David W. Tufts

       111 East Broadway, Suite 900
       P.O. Box 4050
       Salt Lake City, Utah 84110
       T: (801) 415-3000
       F: (801) 415-3500

       *Attorneys for Plaintiff Provo Steel & Supply Co.*